McKEAN (ALLEN v.). See Case No. 229.

McKEAN RAILROAD & NAVIGATION CO. (WINANS v.). See Case No. 17,862.

McKECHNIE (UNITED STATES v.). See Case No. 15,682.

McKEE (BRADLEY v.). See Case No. 1,784.

---

## Case No. 8,849.

### McKEE v. The PEARL.

[Newb. 129.] [1]

District Court, D. Michigan. 1857.[2]

COLLISION—SCHOONER AND STEAMER — HEAVE IN STAYS.

1. A vessel when beating down the river, need not "heave in stays" in meeting a steamboat, but must keep her course.

2. It is the duty of the steamboat to avoid the vessel.

[Libel in rem by Frederick McKee, owner of the Pilot, against the Pearl.]

The schooner Pilot was beating down Detroit river in broad daylight, when near the head of Bois Blanc island, and close hauled on the starboard track, she was struck on her starboard side by the steamboat Pearl ascending the river, both vessels being near the buoy on the Canada shore.

John S. Newberry, for libelant.

Lothrop & Duffield, for respondent.

WILKINS, District Judge. The steamboat was ascending and the schooner Pilot was beating down the river. The important fact is admitted by the answer, which, according to the principles settled in [St. John v. Paine] 10 How. [51 U. S.] 580, fixes the fault on the steamboat. The answer alleges "that the schooner did not go about or heave in stays, but kept on her course." Being propelled by sails, this was her duty and no fault; and as settled by this court in The Whip and Michigan [Case No. 17,511], the steamboat should have avoided her. The collision occurred in broad daylight, and could have been, and should have been, avoided by the steamboat.

By the proofs submitted, the schooner sustained considerable damage by detention, repairs and injury to cargo, amounting in all, by the estimate furnished, to $265.81. Decree for that amount.

[This cause was taken by appeal to the circuit court, where the decree of this court was reversed. The Pilot, Case No. 11,168.]

---

[1] [Reported by John S. Newberry, Esq.]

[2] [Reversed in Case No. 11,168.]